## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA FERRERA,

          Plaintiff,

v.                                      Case No. 24-2322 JPG

GARY JONES TRANSPORTATION, LLC and
PAUL JONES,

          Defendants.

## <u>MEMORANDUM AND ORDER</u>

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 1) filed by plaintiff:

> **Failure to allege the citizenship of each member of a limited liability company.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021); *see Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381-82, (2016); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57 (7th Cir.1996) (essential to trace the citizenship of investors through all levels, if, say, one LP invests in another). Plaintiff must allege each member of Gary Jones Transportation, LLC and their citizenship.

The Court hereby **ORDERS** plaintiff shall have up to and including October 30, 2024 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiffs are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: October 16, 2024**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**