IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA FERRERA,                     )
                                     )
              Plaintiff,             )        Cause No.: 3:24-CV-02322-JPG
                                     )
v.                                   )
                                     )
GARY JONES TRANSPORTATION,           )
LLC and PAUL JONES,                  )
                                     )
              Defendants.            )

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Barbara Ferrera's motion for leave to file a Second Amended Complaint (Doc. 31). She seeks to add additional facts to support a claim for punitive damages against the defendants based on deposition testimony that defendant Paul Jones, the driver of the truck that she alleged hit her, admitted to having driven in the past while using his cell phone. The defendants have responded to the motion (Doc. 36) asserting that Ferrera has absolutely no evidence that Jones was even driving the truck that hit her, much less that he was using his cell phone when he did so. The Court **GRANTS** the defendants' motion for leave to exceed the page limit (Doc. 35) and **ACCEPTS** the defendants' response (Doc. 36).

Federal Rule of Civil Procedure (a) governs amendments to pleadings before trial. A party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement, or to strike. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing parties' written consent, which Ferrera has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Although the text of the rule has changed over the years, the rule still "reflects a policy that cases should generally be decided

on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989).

Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile if it would not survive a motion for summary judgment. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001).

The Court will deny Ferrera leave to amend her complaint because it appears she does not have sufficient evidence to support an allegation that Jones was using a cell phone at the time she was hit and that such use contributed to the accident. Such a claim would not survive summary judgment, so it would be futile. However, if Ferrera is able to present evidence at trial that the defendant's conduct was egregious enough to warrant punitive damages under Illinois law, the Court may decide to let such a claim go to the jury and allow Ferrera to amend her pleading to conform to the evidence. *See* Fed. R. Civ. P. 15 (b). Until then, the Court **DENIES** her motion for leave to file the Second Amended Complaint (Doc. 31).

**IT IS SO ORDERED.**
**DATED:  September 10, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**